**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3017-22

JESSE ROSENBLUM,

    Plaintiff-Appellant,

v.

BOROUGH OF CLOSTER,[1]
JOSEPH MIELE, and
GLORIA MIELE,

    Defendants-Respondents.

_____

Submitted September 24, 2024 – Decided October 10, 2024

Before Judges Gilson and Firko.

On appeal from the Tax Court of New Jersey, Docket No. 013409-2020.

Jesse Rosenblum, appellant pro se.

DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys for respondents Joseph Miele and Gloria Miele (Jason S. Nunnermacker, on the brief).

---

[1] The Borough of Closter is not participating in this appeal.

PER CURIAM

Plaintiff Jesse Rosenblum appeals from an April 12, 2023 Tax Court order awarding attorney's fees and costs to defendants Joseph and Gloria Miele (the Mieles) as sanctions. We affirm.

I.

The chronology and factual background are set forth in this court's unpublished opinion entered on July 15, 2020. We incorporate, by reference, the facts stated in our prior opinion. Rosenblum v. Borough of Closter, No. A-2561-18 (App. Div. July 15, 2020) (slip op. at 1-2).

The Mieles own property in defendant Borough of Closter (the Borough), consisting of approximately 9.9 acres. They applied for tax status for their property as farmland under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.23. The Mieles represented that just over 5.5 acres of their property is pastureland that they use for llamas.

On December 15, 2020, plaintiff filed a third-party complaint with the Bergen County Tax Board (the Board) challenging the farmland assessment for the Mieles' property for tax year 2020 on the basis their property is not pastureland but instead is predominantly wooded wetlands, which he contends does not qualify as pastureland. Since 1991, plaintiff has filed numerous

challenges to the farmland assessments of the Mieles' property, which have been granted on an annual basis under the Farmland Assessment Act. The Board denied plaintiff's tax appeal at the local level.

On December 15, 2020, plaintiff filed a complaint in the Tax Court challenging the Board's determination of the 2020 farmland assessment of the Mieles' property and sought to have it revoked and assessed with a regular tax assessment. On December 16, 2020, the Mieles' attorney sent plaintiff a letter pursuant to Rule 1:4-8(b)(1), advising him the 2020 complaint was frivolous and that the Mieles would pursue a motion for sanctions and attorney's fees if the complaint was not withdrawn within twenty-eight days. Plaintiff did not withdraw the 2020 complaint.

On January 18, 2021, the Borough filed a motion to dismiss the 2020 complaint, which the Mieles joined. On May 5, 2021, the Tax Court judge conducted oral argument on the Borough's and Mieles' motions to dismiss and reserved decision.

On December 7, 2021, the judge granted the motions to dismiss the complaint with prejudice as to the Borough and the Mieles and issued a comprehensive written statement of reasons. The judge found collateral estoppel applied "because plaintiff's core issue was 'the presence of a stream and

wetlands means that the land cannot be pastureland for the animals on the property and was improperly included as farmland by the assessor.'" A memorializing order was entered.

On January 14, 2022, plaintiff moved for reconsideration. On December 12, 2022, the judge denied plaintiff's motion for reconsideration. In his written statement of reasons, the judge determined "plaintiff raised the same arguments [in] the preceding motion arguing that woodland and wetland acreage should be considered appurtenant and not actively devoted." The judge highlighted the arguments made by plaintiff were "not based on new evidence," and there was no "error on [the judge's] part during consideration of the evidence for the order entered on December 7, 2021." A memorializing order was entered. Plaintiff did not appeal from the December 7, 2021 or December 12, 2022 orders.

On December 15, 2022, the Mieles moved for reimbursement of their fees and costs under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, the Frivolous Litigation Act, based on what they contended was plaintiff's frivolous litigation conduct. The Borough did not take a position on the motion. Plaintiff opposed the motion.

On March 3, 2023, the judge granted the Mieles' motion and awarded them attorneys' fees against plaintiff pursuant to Rule 1:4-8. The judge directed

4

counsel for the Mieles to submit a supplemental certification of services detailing their updated legal fees and costs associated with defending plaintiff's lawsuit.

In his written statement of reasons, the judge summarized the undisputed facts in the motion record. The judge explained that plaintiff "has filed multiple unsuccessful tax appeals on the [Mieles'] farmland exemption since 1997." In addition, the judge emphasized that plaintiff "has had numerous complaints dismissed by orders in 2009, 2019, and 2021, on the basis of collateral estoppel." The judge noted plaintiff conceded in previous proceedings "that the complaints allege the same facts and arguments," yet "plaintiff still filed complaints year after year requiring the [Mieles] to have to continuously defend their farmland assessment." As the judge stated:

> [Plaintiff's] filings . . . have a common theme, that the property is not truly farmland because it consists of "wooded wetland watercourses, upland woodland, and a shortfall of real pasture." [Plaintiff] argues that delineated woodlands and wetlands cannot be considered pastureland and therefore the Mieles fall short of the minimum five . . . acre requirement for the farmland assessment because excluding 6.3 acres as wetlands, there is only 2.59 acres available for pastureland ("total acre objection").

The judge highlighted that in 1999, following a trial, a prior Tax Court judge concluded:

5

The last general area that is an issue in this case is whether or not the minimum five-acre area of property that must be found to be devoted to an agricultural purpose in order to sustain a farmland assessment is, in fact, being used for the qualifying purpose here. And I conclude from the credible evidence produced on the record that five acres of this property at minimum is being devoted actively to the raising of the llamas and that it is appropriate[ly] considered within the various categories enumerated under the Farmland Assessment Act and the regulations implementing the Farmland Assessment Act as permanent pasture.

. . . .

And the evidence in this case is substantial and credible that the animals are not maintained exclusively within corral or pan areas but that they are allowed to roam freely over the entire extent of the property and that they do so not only for purposes of exercise, but also for purposes of foraging or pasturing which brings us to the next question and that is whether or not it is consistent with the law that areas that are found to be pasture are in their physical characteristics predominantly woodland or wetland. And while at first blush the common understanding of the term pasture suggests grassy areas or meadows, there is nothing that I find in the law that makes that an indispensable element of the definition of a pasture and particularly where the animal which is being raised on the property is appropriately raised in a wooded habitat and grazes, which I understand to mean takes his nourishment, paddocks growing immediately out of the ground or browses which I understand to mean takes his nourishment—I guess grazing I associate with grasses and browsing I associate with other kinds of higher growth vegetation where the animal both grazes and

6

browses as it is clear from the evidence that the llama does.

It is not incongruous for woodland to be considered to be pasturage and for the woodland to provide an addition to forage and feed also an appropriate habitat for the animals to obtain shelter from the hot weather.

And therefore, wooded area may be appropriately considered to be permanent pasture. The definitions of permanent pasture that have been established under the farmland law indicate that it is land that is not cultivated because its potential is realized from grazing or part of an erosion control program, animals may or may not be part of the farm operation.

In a case where they are part of a farm operation and where it is the animal's presence and where the nature of the animals is such that they both browse and graze, woodland may be appropriately be determined to be pasture. A certain portion of the area utilized in raising the llamas is wetland. Some portion of the wetland may also be wooded. I conclude that there is no impediment to counting delineated wetland as permanent pasture for these or any other kinds of animals providing that the characteristics of the property are such as to provide the pasturage and the testimony in this case is that the delineated wetlands are not in significant measure marshy or boggy, but that they can accommodate and support the animals and that the conditions on at least a portion of the wetlands that can be found to be pastureland are—is such that the animals can obtain nourishment and/or shade there as well.

7

In his March 3, 2023 order, the judge summarized the 1999 decision to uphold the farmland tax assessment for the 1997 and 1998 tax years finding that "woodland may be appropriately determined to be pasture[land] after considering the farm operation, animal's presence, and animal's nature to both browse and graze." Specifically, the judge rejected plaintiff's claim that the courts have not reached conclusions of law since the 1999 trial. The judge explained plaintiff continues to assert that "appurtenant wetlands cannot be used to reach the five . . . acre minimum requirement because it is not considered actively devoted."

In addition, the judge noted plaintiff argued "that the defining issue of each appeal that no court stated [was] what farmland law reinforced what the prior courts have determined." The judge rejected plaintiff's claim and found "[c]onclusions of law were provided by the courts in their previous decisions."

In conclusion, the judge found that plaintiff filed his 2020 complaint "in bad faith, as no reasonable, good faith belief in the merits of the actions existed in issues that have not already been decided." A memorializing order was entered.

Pursuant to the order, counsel for the Mieles submitted a supplemental certification of services dated March 9, 2023. Plaintiff submitted opposition.

On April 12, 2023, the judge entered an order of judgment awarding attorney's fees in the amount of $16,539.10, and costs in the amount of $430.18, for a total judgment of $16,969.28. In his accompanying written statement of reasons, the judge considered the lodestar amount and the RPC 1.5(a) factors.

In addressing the RPC 1.5(a) factors, the judge noted he examined the supplemental certification of services and found "each entry is fair and reasonable given the work provided and completed." The judge underscored the time and labor expended by counsel was "reasonable or even modest" given the fact the Mieles joined in the Borough's motion to dismiss and did not have to "duplicate" the Borough's efforts. The judge determined the Mieles prevailed against plaintiff in the motions to dismiss, for reconsideration, and for sanctions. The judge noted that plaintiff again attempted to "relitigate the substantive issues underlying the complaint" but did "not argue the reasonableness of the Mieles' attorney['s] fees." This appeal followed.

II.

Before us, plaintiff challenges only the amounts of fees and costs awarded in the April 12, 2023 order of judgment. Plaintiff has not appealed from the March 3, 2023 order, and therefore, does not challenge the propriety of the award. Plaintiff has also not appealed from the substance of the orders entered

on December 7, 2021, and December 12, 2022. Plaintiff has effectively abandoned the appeal of those two orders by not presenting arguments concerning those orders. See State v. Huang, 461 N.J. Super. 119, 125 (App. Div. 2018); aff'd o.b., 240 N.J. 56 (2019); Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

Moreover, we discern no basis for reversing or modifying the December 7, 2021 or December 12, 2022 orders. We limit our discussion accordingly and affirm primarily for the reasons expressed in the thorough written opinion of the judge issued with the April 12, 2023 order of judgment.

We review a trial judge's decision to award counsel fees on a motion for frivolous litigation sanctions under an abuse of discretion standard. McDaniel v. Man Wai Lee, 419 N.J. Super. 482, 498 (App. Div. 2011). Reversal is warranted "only if [the decision] 'was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

The Frivolous Litigation Act governs sanctions for frivolous litigation against a party. Under that statute, a court is permitted to "award reasonable attorney's fees and litigation costs to a prevailing party in a civil action if the

court finds 'at any time during the proceedings or upon judgment that a complaint . . . of the non-prevailing person was frivolous.'" Bove v. AkPharma Inc., 460 N.J. Super. 123, 147-48 (App. Div. 2019) (quoting N.J.S.A. 2A:15-59.1(a)(1)).

A complaint is frivolous if the judge "find[s] on the basis of the pleadings, discovery, or the evidence presented" that either: (1) the complaint "was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury;" or (2) "[t]he non[-]prevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b)(1) to (2).

Similarly, Rule 1:4-8 provides a pleading is frivolous if: (1) it is "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" (2) the claims therein are not "warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; (3) the factual allegations lack evidentiary support; or (4) the denials of factual allegations are not warranted. R. 1:4-8(a).

A-3017-22

"For purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Bove, 460 N.J. Super. at 148 (quoting United Hearts, LLC v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009)). In the order imposing sanctions, the court "shall describe the conduct determined to be a violation of this rule and explain the basis for the sanction imposed." R. 1:4-8(d).

Applying these principles, we discern no abuse of discretion in the judge's decision to award attorney's fees and costs to the Mieles pursuant to Rule 1:4-8 and the Frivolous Litigation Act. As the judge found, plaintiff's 2020 complaint was filed in "bad faith" and contrary to plaintiff's assertions, "[c]onclusions of law were provided by the courts in their previous decisions."

The judge's findings are supported by substantial, credible evidence. Moreover, the judge considered all the relevant and appropriate factors under Rule 1:4-8 and the Frivolous Litigation Act. We reiterate that plaintiff does not even address the amount of counsel fees and costs awarded in his merits brief.

We reject plaintiff's arguments that "farmland law" has not been followed by the courts in this State; that the Tax Court lacks subject matter jurisdiction because it "disfavors and contradicts" farmland law; and the Mieles are

"undeserving owners of land" who filed fraudulent farmland assessment applications. Essentially, plaintiff argues his 2020 complaint was not frivolous and reprises his argument that the Mieles' property was undervalued and improperly assessed as farmland. As we stated in our prior opinion, which still holds true, plaintiff "has not asserted any intervening change in significant facts or statutory regulation or judicial law that favors him, thus we conclude collateral estoppel was appropriately applied." <u>Rosenblum</u>, slip op. at 11-12. Accordingly, we discern no abuse of discretion and affirm the April 12, 2023 Tax Court order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13